IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JAMES W. MCNEESE,<br><br>     Plaintiff,<br><br>     v.<br><br>(fnu) ANDERSON, et al.,<br><br>     Defendants. | Case No. 25-3026-HLT-ADM |

### ORDER

This matter comes before the court on plaintiff James W. McNeese's Motion for the Appointment of Counsel. (ECF 7.) For the reasons explained below, McNeese's motion is denied without prejudice to refiling after the summary-judgment stage.

"There is no constitutional right to appointed counsel in a civil case." *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989) (per curiam). However, Congress has provided courts with the statutory authority to appoint counsel in certain circumstances. For example, Title VII of the Civil Rights Act of 1964 ("Title VII") provides courts with the discretionary authority to appoint counsel "in such circumstances as the court may deem just." 42 U.S.C. § 2000e-5(f)(1). Another statutory basis for appointment of counsel authorizes the court to appoint counsel for a plaintiff proceeding *in forma pauperis* ("IFP"). *See* 28 U.S.C. § 1915(e)(1). But McNeese does not assert Title VII claims, and he is not proceeding IFP. McNeese paid the filing fees when he initially filed this case.

Even if McNeese were proceeding IFP, appointment of counsel under § 1915(e)(1) is not warranted. The statute provides the district court with "discretion to request an attorney to represent a litigant who is proceeding in forma pauperis." *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006) (per curiam). But the court must also be mindful that indiscriminately

appointing "volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time." *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992). In deciding whether to appoint an attorney to represent an indigent party, the court considers: (1) the merit of the party's claims; (2) "the nature and complexity of the factual and legal issues"; and (3) the party's "ability to investigate the facts and present [the] claims." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004). The fact that counsel could assist in presenting the "strongest possible case" is not enough because "the same could be said in any case." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006). A party requesting counsel has the burden "to convince the court that there is sufficient merit to [the] claim to warrant the appointment of counsel." *Id.*

McNeese's motion for appointment of counsel does not address the merits of his claims, nor any other factor supporting the appointment of counsel. McNeese recently filed two other cases in this court, bearing case numbers 24-3153-JWL and 24-3227-JWL, which name the same defendants and set forth the same facts. The first case was dismissed for failure to state a claim, and the second case was dismissed as frivolous. Given this consideration, the court is not convinced that there is sufficient merit to McNeese's claim to warrant the appointment of counsel.

**IT IS THEREFORE ORDERED** that plaintiff James W. McNeese's Motion for the Appointment of Counsel (ECF 7) is denied without prejudice to refiling after the summary-judgment stage.

**IT IS SO ORDERED.**

Dated April 3, 2025, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge