IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES W. MCNEESE,

    Plaintiff,

    v.

(FNU) ANDERSON, et al.,

    Defendants.

Case No. 5:25-cv-03026-HLT-ADM

# ORDER

Pro se plaintiff James McNeese[1] filed this case on February 13, 2025. The complaint alleges he was injected with something (possibly a foreign object) while in custody at the Sedgwick County Jail in January 2024 in violation of his First and Eighth Amendment rights. For relief, he seeks removal of the foreign object and dismissal of his state criminal case. *See generally* Doc. 3. This case is duplicative of several other cases McNeese has filed. It is the third of six.[2] The district court dismissed McNeese's first case for failure to state a claim, and the Tenth Circuit dismissed McNeese's appeal for failure to prosecute. The district court has also dismissed McNeese's second and fourth cases as duplicative, dismissed the fifth case as duplicative and for failure to comply with court orders, and deemed the sixth case duplicative and thus frivolous or malicious.

Because of this history, the magistrate judge issued a show-cause order to McNeese to explain why this case should not be dismissed as duplicative. Doc. 12. On May 5, the magistrate judge issued a Report and Recommendation ("R&R"). Doc. 27. The R&R considered several

---

[1] Because McNeese proceeds pro se, his pleadings are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court does not, however, assume the role of advocate. *Id.*

[2] The first and second cases are: *McNeese v. Anderson*, Case No. 24-3153-JWL and *McNeese v. Anderson*, Case No. 24-3227-JWL. The fourth, fifth, and sixth cases are: *McNeese v. Anderson*, Case No. 25-3060-JWL; *McNeese v. Anderson*, Case No. 25-3073-JWL; and *McNeese v. Anderson*, Case No. 25-3083-JWL.

filings by McNeese as responses to the show-cause order. *Id.* at 1. The R&R ultimately recommended dismissal of this case as duplicative because McNeese continues to request the same relief that has previously been denied, and he has not presented any new facts or circumstances. *Id.* at 2. The R&R specifically noted that judicial resources are best served by dismissing this case because it is repetitive of the other cases that have been dismissed. *Id.* The R&R explained that McNeese had 14 days to file an objection and if no objection is filed, he would waive review of all factual and legal determinations in the R&R. *Id.* at 2-3.

After both the time for responding to the show-cause order passed, and the time for filing objections to the R&R passed, McNeese filed another response to the show cause order (Doc. 29) and an objection to the R&R (Doc. 32). The show-cause response states that McNeese "understand[s] I have failed the first time not [stating] a claim" and that he couldn't send an amended complaint because his writing materials had been confiscated after he was placed in the hole for allegedly making a shank out of a toothbrush. Doc. 29 at 1. He reiterated the allegation that the jail placed a foreign object in his body. *Id.* at 2.[3] The objection to the R&R simply asks that the case not be closed but does not otherwise meaningfully address the R&R. *See generally* Doc. 32.[4]

Rule 72(b) governs R&Rs by magistrate judges on dispositive issues. The rule allows a party to file objections and states that "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

---

[3] Some of the writing in this filing is illegible.

[4] The objection also references a Notice of Appeal, but no such document has been filed, as the case is not closed. *See* Doc. 32 at 7. McNeese separately filed an "Affidavit of Financial Status" that primarily includes a letter from McNeese's state-court attorney indicating he is not working on this federal case. Doc. 33 at 1-2.

McNeese has not <u>timely</u> objected to the R&R and has therefore waived his right to de novo review. *See In re Key Energy Res. Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000).

The Court has nevertheless reviewed the docket and R&R de novo, and considered McNeese's recent response to the show-cause order and objection to the R&R. The Court agrees dismissal is warranted. The allegations in this case are nearly identical to the allegations in all of McNeese's other cases, and he seeks the same relief. The district court dismissed his first case because McNeese improperly sought dismissal of his state criminal charges and because he failed to allege personal participation of each of the defendants. *See McNeese v. Anderson*, Case No. 24-3153-JWL, Doc. 9 at 2-5. McNeese also failed to state a claim and provided no factual support beyond conclusory allegations. *Id.* The dismissal did not indicate it was without prejudice, *id.* at 5, and thus operates as an adjudication on the merits, *see Slocum v. Corp. Exp. U.S. Inc.*, 446 F. App'x 957, 960 (10th Cir. 2011) ("Rule 12(b)(6) dismissals, unless otherwise indicated, constitute a dismissal with prejudice."). McNeese appealed that order, but later apparently abandoned the appeal and it was dismissed for failure to prosecute.

The claims in this case and in McNeese's four other cases are duplicative of those dismissed in his first case. "When a pro se litigant files complaints that are repetitive, duplicative of other filings, without merit, or frivolous, he abuses the district court process." *Childs v. Miller*, 713 F.3d 1262, 1265 (10th Cir. 2013). "No one, rich or poor, is entitled to abuse the judicial process." *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989). "A complaint that rehashes previously litigated issues may be dismissed as frivolous or malicious." *Griffin v. Zavaras*, 336 F. App'x 846, 849 (10th Cir. 2009).[5]

---

[5] Although McNeese has proceeded in forma pauperis in his other cases, he did pay the filing fee in this case. But in *Griffin*, the Tenth Circuit cited with approval *Horsey v. Asher*, 741 F.2d 209, 212 (8th Cir.1984), for the proposition that "courts are not required to entertain redundant lawsuits, whether or not the plaintiff can pay the filing fee." *See Griffin*, 336 F. App'x at 849.

3

Here, McNeese continues to initiate new cases asserting the same claims that have previously been dismissed on their merits. He also continues to file repetitive motions. His duplicative filings are abusive of the judicial process and dismissal of this case is therefore proper.

THE COURT THEREFORE ORDERS that the Report and Recommendation (Doc. 27) is ADOPTED as the order of the Court. This case is DISMISSED as duplicative.

THE COURT FURTHER ORDERS that this case is CLOSED.

IT IS SO ORDERED.

Dated: June 2, 2025    /s/ *Holly L. Teeter*
                       HOLLY L. TEETER
                       UNITED STATES DISTRICT JUDGE